UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                        Case No. 14-cr-20628

v                                      Honorable Thomas L. Ludington

RONRICO SIMMONS, JR.,

                Defendant.

_____/

**ORDER DENYING MOTION TO EXCLUDE STATEMENTS, MOTION TO EXCLUDE TESTIMONY, MOTION FOR BRADY MATERIALS, MOTION FOR BILL OF PARTICULARS, AND MOTION FOR OTHER CRIMES OR BAD ACTS EVIDENCE AND RESETTING CERTAIN CASE MANAGEMENT DATES**

On October 8, 2014, Defendant Ronrico "Rico" Simmons Jr. was indicted for distribution of a controlled substance and conspiracy to distribute a controlled substance. ECF No. 1.  The Government contends that from approximately 2011 to on or about August 1, 2012, Simmons conspired to obtain heroin from others and distribute it to Edwin "Rock" Simpson and others in the Eastern District of Michigan. Mr. Simpson allegedly "re-rocked" the heroin to conceal that it had been adulterated with "cut" and then distributed it to others. *Id.* As part of the conspiracy, the Government contends, Simmons caused participants to transport Mr. Simpson, heroin, and drug money between Detroit, Michigan, and the Roscommon-Houghton lake area, and that Simmons caused participants to house Mr. Simpson in the Roscommon-Houghton lake area. *Id.* The Government further contends that Defendant Simmons, Mr. Simpson, and others used telephones to facilitate heroin distribution and used wire transfers to facilitate heroin distribution. *Id.*

Simmons was arraigned on July 21, 2015, where he consented to detention and pleaded not guilty.  After obtaining new counsel on October 27, 2015, Simmons filed the following five

motions on January 1, 2016: (1) Motion in limine to exclude any and all statements made by Edwin Simpson; (2) Motion in limine to exclude any speculative testimony from Ellen Morgan regarding Defendant Simmons; (3) Motion for disclosure of Brady materials; (4) Motion for bill of particulars; and (5) Motion requesting notice of the Government's intent to offer other crimes, wrongs, and bad acts evidence.  ECF Nos. 19-23.  For the reasons stateD below all five motions will be denied.

## I.

Simmons first moves to exclude any and all statements made by Edwin Simpson.  In his motion Simmons explains that during the Grand Jury proceedings, four witnesses testified regarding statements that Mr. Simpson had made to them.  Specifically, Ellen Morgan testified, "[Simpson] said that they took, the police took $3,000 and that he was going to have to come up with that amount plus what they took in heroin to give back to Rico."  Ms. Morgan also testified that Mr. Simpson told her "Rico is reliable and that if he wanted it that he could get it anytime he wanted it from Rico."

Under Federal Rule of Evidence 801(d)(2), statements offered against an opposing party that were made "by the party's coconspirator during and in furtherance of the conspiracy" are not hearsay statements.  Defendant Simmons argues that these statements must be excluded because they are hearsay statements that are not in furtherance of a conspiracy.  ECF No. 19.  To the contrary, this statements are precisely the kinds of statements that Rule 801(d)(2) is intended to address, as they were made during and in furtherance of the heroin distribution conspiracy with which Simmons is charged.  As explained by the Sixth Circuit, "[a] statement is made in furtherance of a conspiracy if it was intended to promote conspiratorial objectives; it need not actually further the conspiracy.  This requirement is satisfied when the statements are made to

apprise a coconspirator of the progress of the conspiracy, to induce his continued participation, or to allay his fears. *United States v. Martinez*, 430 F.3d 317, 327 (6th Cir. 2005) (internal citations and quotations omitted).   Here, in the first statement Mr. Simpon apprised another member of the conspiracy that he owed payment to Defendant Simmons for conduct in furtherance of the heroin conspiracy.   In the second statement Mr. Simpson informed another member of the conspiracy that Defendant Simmons was a reliable source for heroin.   Because the statements made by Mr. Simpson identify Defendant Simmons as the source for the heroin, they satisfy the "in furtherance" requirement.   *United States v. Rios*, 842 F.2d 868, 874 (6th Cir. 1988).   Simmons's motion will therefore be denied.

## II.

Defendant Simmons next moves to exclude any "speculative" testimony from Ellen Morgan regarding Defendant Simmons. ECF No. 20. Specifically, Simmons moves to exclude Ms. Morgan's statement that "Rico had fronted [Simpson] the dope. He didn't pay, Edwin Simpson had not paid cash for the dope he was given the dope from Rico.  Rico gave him the dope on the basis that he would pay him after he sold it."  Simmons argues that this testimony is speculative since Ms. Morgan later testified that she never had any direct contact with Defendant Simmons.  Simmons also moves to exclude Ms. Morgan's testimony that each time Mr. Simpson went to Detroit he purchased at least an ounce of heroin from Defendant Simmons.  Simmons argues that because Ms. Morgan only went to Detroit four or five times, she must be speculating in her allegation that Simmons gave Mr. Simpson an ounce of heroin every time he went.  Simmons argues that Ms. Morgan's statements lack personal knowledge, are inadmissible hearsay, and are unduly prejudicial under Federal Rule of Evidence 403.

Simmons's motion will be denied.  As explained by the Government in its response, the Government will have the opportunity at trial to establish a sufficient foundation for Ms. Morgan's testimony at trial, and thus the admission of the testimony under Rule 801(d)(2)(E).  If the Government cannot establish a foundation for the testimony at that time, or if Defendant Simmons believes the statements are unduly prejudicial at that time, he will have the opportunity to object.

### III.

Defendant Simmons next moves for disclosure of *Brady* materials.  ECF No. 21.  This motion will be denied for two reasons. First, the Court's scheduling order issued on July 30, 2015 requires the government to "[p]ermit defense counsel to inspect, copy or photograph any exculpatory/impeachment evidence within the meaning of *Brady v. Maryland*, 373 U.S. 83 (l963), *United States v. Agurs*, 427 U.S. 97 (l976), and *Giglio v. United States*, 405 U.S. 105 (l972). ECF No. 11 at (2)(B).  The order further provides that the duty to disclose is "continuing, even throughout trial." *Id*. at (4).  Because the government is already required to turn over any *Brady* materials, Simmons' motion is meritless without any allegation suggesting that the Government has not complied.

Furthermore, as explained by the Government, *Brady* is not a discovery tool. In contrast to the broad scope of discovery in civil cases, the discovery available to a criminal defendant is relatively constricted, and is generally circumscribed by three rules: (1) Federal Rule of Criminal Procedure 16 (controlling discovery of materials regarding the defendant); (2) The Jencks Act, 18 U.S.C. § 3500; and (3) the doctrine set forth in *Brady*. *See United States v. Presser*, 844 F.2d 1275, 1285, fn. 12 (6th Cir.1988) (stating that in most criminal prosecutions, these three rules "exhaust the universe of discovery to which the defendant is entitled").

Under the Jenck's Act, upon motion of the Defendant the government must produce "statements in its possession of witnesses who testify at trial." *United States v. Short*, 671 F.2d 178, 185 (6th Cir.1982). Under the rule, the Government need not provide statements or reports of witnesses until the witness "has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). The Sixth Circuit has held that the Jencks Act controls the timing of *Brady* disclosures. *See United States v. Bencs*, 28 F.3d 555, 560-61 (6th Cir. 1994).

Under *Brady,* the government violates due process when it fails to disclose evidence related to guilt or sentencing in a criminal case that is favorable to the defendant. *Brady*, 373 U.S. at 87. The *Brady* rule extends to material that could be used to impeach the credibility of a government witness. *Giglio v. United States*, 405 U.S. 150, 154–55, (1972) (impeachment evidence falls within Brady "[w]hen the reliability of a given witness may well be determinative of guilt or innocence"). However, as explained by the Supreme Court, "[t]here is no general constitutional right to discovery in a criminal case, and Brady did not create one…." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Instead, *Brady* only applies to "the discovery, after trial of information which had been known to the prosecution but unknown to the defense." *United States v. Agurs,* 427 U.S. 97, 103 (1976).

Defendant now requests exculpatory and/or impeaching evidence relating to all Government witnesses. Defendant Simmons' general request for pretrial disclosure material as to all potential government witnesses is an insufficiently particularized request to justify departing from the Jencks Act. As explained by the Sixth Circuit:

> [P]roviding the defense with such a broad right of pre-trial discovery would vitiate an important function of the Jencks Act, the protection of potential government witnesses from threats of harm or other intimidation before the witnesses testify at trial. See, e.g., Roberts, 811 F.2d at 259. Clearly, the need to protect witnesses exists whether the witnesses are part of the government's case-in-chief or part of its potential evidence to rebut a possible defense. Accordingly,

we conclude that the government cannot be compelled to disclose impeachment material which would be covered by the Jencks Act relating to any potential government witness, whether it be a witness in the case-in-chief or a rebuttal witness. Further, the government need not disclose impeaching material in its possession relating to any potential defense witness where that impeaching material does not meet the Brady test of being material and exculpatory.

*United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988). The Government has already provided Defendant Simmons with broad discovery in this case far before it was required to do so. Simmons attempt to use *Brady* to effect broad pre-trial discovery will be denied.

## IV.

In his fourth motion, Simmons moves for a bill of particulars. ECF No. 22. He argues that the indictment does not provide any specifics, and that he requires more particular information to understand the precise nature of the charge against him, prepare his defense, avoid surprise during trial, and to protect against a second prosecution. Simmons specifically seeks (a) the precise circumstances under which the acts occurred, including time, place, and manner; (b) names and addresses of any persons the government claims were present, or have knowledge of, the time any of the acts allegedly occurred; and (c) the precise nature, character and circumstances of any words uttered or acts engaged in by Defendant Simmons.

Federal Rule of Criminal Procedure 7(f) allows a defendant to move for a bill of particulars. "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). A bill of particulars is not meant "as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Id.* The pertinent question is not whether the information would be *helpful* to Defendant, but whether such information is *necessary* to the

preparation of the defense and the avoidance of prejudicial surprise. *See United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008).

Here the indictment sufficiently informs Simmons of the charges against him. Furthermore the Government has already provided him with substantial discovery, including telephone records and grand jury testimony. Simmons is not entitled to a bill of particulars for the purposes of obtaining a list of Government witnesses, discovering all overt acts that might be proven at trial, or obtaining the names of all co-conspirators. *Id.* His motion for a Bill of Particulars is merely another attempt to obtain broad discovery from the Government that is not required under the Jenck's Act, and will be denied.

## V.

In his final motion, Simmons requests notice of the Government's intention to offer other crimes, wrongs, and bad acts evidence. ECF No. 23. Under Federal Rule of Evidence 404(b)(2) the Government is already required to provide reasonable notice of its intent to use such evidence to Defendant Simmons. Whether such reasonable notice is provided is a question for a later time. If at trial the government presents such evidence without having provided Defendant Simmons reasonable notice, then Simmons may move to exclude the evidence. For now, his motion for notice will be denied.

## VI.

Accordingly, it is **ORDERED** that Defendant Simmons' motion in limine to exclude any and all statements made by Edwin Simpson, ECF No. 19, motion in limine to exclude any speculative testimony from Ellen Morgan regarding Defendant Simmons, ECF No. 20, motion for disclosure of *Brady* materials, ECF No. 21, motion for bill of particulars, ECF No. 22, and

motion requesting notice of the Government's intent to offer other crimes, wrongs, and bad acts evidence, ECF No. 23, are **DENIED**.

It is further **ORDERED** that the scheduling order is **ADJOURNED** as follows:

Plea due:                           **February 29, 2016**

Final Pretrial Conference:          **February 29, 2016 at 3:00 PM**

Jury Trial:                         **March 8, 2016 at 8:30 AM**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 25, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 25, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager