UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONRICO SIMMONS, JR.,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.

    CRIMINAL CASE NO. 14-CR-20628
    CIVIL CASE NO. 18-CV-12557

    DISTRICT JUDGE THOMAS L. LUDINGTON
    MAGISTRATE JUDGE PATRICIA T. MORRIS

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION TO GRANT TIMELINESS OF § 2255 MOTION AND
PETITIONER'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255**
(R. 44, 45)

**I.    RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that Petitioner's Motion to Grant Timeliness of § 2255 Motion (R. 44) be **DENIED,** that his Motion to Vacate Sentence (R. 45) be **DENIED AS UNTIMELY**, and that the civil case be **DISMISSED**.

**II.    REPORT**

    **A.    Introduction**

On October 8, 2014, Petitioner was indicted on two counts: (1) conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 846; and (2) willingly causing others to maintain a drug house in violation of 21 U.S.C. § 856(a)(1) and (b) and 18 U.S.C. § 2. After the trial began, Petitioner pleaded guilty to both counts pursuant to a Rule 11 plea agreement. (R. 37.) On September 8, 2016, judgment was entered and Petitioner was sentenced to 190 months' imprisonment on each count, to be served concurrently. (R. 40 at PageID.169.) Petitioner did not file an appeal.

On August 13, 2018, Petitioner filed the instant Motion to grant timeliness of § 2255 motion and Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (R. 44, 45.) Petitioner states that after sentencing, he was taken into the custody of the Michigan Department of Corrections (MDOC) and served "roughly nine months in Wayne County jail, thereafter on September 27, 2017, he was committed to [the] Federal Bureau of Prisons['] custody and arrived at FCI-Milan on September 27, 2017." (R. 44 at PageID.214.) Petitioner contends that

> For roughly 13 months after the federal sentencing he was in MDOC custody and then was placed in Wayne County jail, however during this 13-month period [he] had no access to federal law library; legal materials; assistance by prison authorities in the preparation and filing of meaningful legal papers; and no access to Rules Governing 2255 Proceedings and AEDPA statute of limitations, thus the lack of these critical sources certainly created an unconstitutional impediment.

(*Id*. at PageID.217.)

Petitioner argues that he was only obligated to file his motion by September 27, 2018, one year from when he arrived at FCI Milan, and that since he filed his motion on August 13, 2018, the motion should be considered timely. (*Id.*) The government responded only to the Motion to grant timeliness. (R. 50.) On October 30, 2018, the undersigned entered a Report and Recommendation (R&R) suggesting that Petitioner's motion to grant timeliness be denied, that the motion to vacate be denied as moot, and that the civil case be dismissed. (R. 53.) On February 4, 2019, United States District Judge Thomas L. Ludington adopted the R&R in part, ordering that the undersigned "order supplemental briefing addressing whether petitioner's allegations entitle him to relief under 2255(f)(2), and to issue a new report and recommendation." (R. 56.) Judge Ludington clarified that "to the extent petitioner's initial arguments could be read to raise an equitable tolling issue, equitable tolling is not available on these facts as explained above. Indeed,

2

petitioner does not appear to dispute that conclusion. However, it remains unclear whether, under Sixth Circuit law, the lack of library access is the type of impediment contemplated by 2255(f)(2). Neither the government's briefing nor the report and recommendation appear to have identified any controlling authority rejecting that notion." (R.56 at PageID.358.)

### B. Analysis and Conclusion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), established a one-year statute of limitations on § 2255 petitions, which begins to run on the latest of four possible dates. 28 U.S.C. § 2255(f). It usually runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). When a § 2255 petitioner does not file an appeal, the judgment of conviction is final when the time for filing a notice of appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). According to Federal Rule of Appellate Procedure 4(b)(1), a defendant has 14 days from the entry of judgment to file a notice of appeal. *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013). Petitioner did not file a direct appeal and judgment was entered on September 8, 2016. Therefore, Petitioner's judgment became final on September 22, 2016, such that Petitioner should have filed the motion to vacate by September 22, 2017.

However, the one-year period can also run from "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." 28 U.S.C. § 2255(f)(2).

3

Pursuant to the order of reference, the sole question is whether petitioner's allegations, i.e., lack of federal legal resources while in state custody, provide him relief from the one-year limitation period under § 2255(f)(2). Research has not revealed any clear Sixth Circuit precedent addressing this issue; nevertheless, I conclude that under the available non-binding precedent and based on a commonsense reading of the AEDPA, Petitioner is not entitled to relief from the one-year limitation period based on § 2255(f)(2).

As noted above, Petitioner states that during his 13 months in state custody after his federal sentencing he "had no access to federal law library; legal materials; assistance by prison authorities in the preparation and filing of meaningful legal papers; and no access to Rules Governing 2255 Proceedings and AEDPA statute of limitations, thus the lack of access to these critical sources certainly created an unconstitutional impediment in which qualifies under 28 U.S.C. §2255(f)(2)." (R.44 at PageID.217.) Petitioner also states that the "government-created impediment . . . prevented him from having ability to timely pursue and know the timeliness for filing a 2255 motion." (*Id*.)

"Prior to the enactment of the AEDPA, that section [§ 2255] provided that such motions could be made 'at any time.'" *Mickens v. United States*, 148 F.3d 145, 147 (2d Cir. 1998) (quoting prior version of § 2255). The timing of the filing was a ground for dismissal only if "it appear[ed] that the government ha[d] been prejudiced in its ability to respond to the motion by delay in its filing unless the movant show[ed] that it w[as] based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the government occurred." *Id.* (quoting Rule 9(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts). Congress's goal in adding time limitations to the state and

4

federal habeas provisions (§ 2254 and § 2255, respectively) was to "further the principles of comity, finality, and federalism." *Williams v. Taylor*, 529 U.S. 420, 436 (2000). Although comity and federalism principles apply only to state habeas petitions, certainly the goal of finality of conviction applies with equal force to federal habeas petitions and should influence any decision under § 2255(f)(2).

The standard under § 2244(d)(1) for state habeas petitions is nearly synonymous with § 2255(f)(2). Subsection B allows the limitation period to run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action." §2244(d)(1)(B). The only real difference between the two subsections is that § 2244(d)(1)(B) refers to "state" action and "filing an application" while § 2255(f)(2) refers to "government" action and "making a motion[.]" Thus, case law interpreting § 2244(d)(1)(B) also informs the interpretation of § 2255(f)(2).

In contrast with these two synonymous standards, a petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). In addition, a petitioner bears the burden of persuading the court that he or she is entitled to equitable tolling, which should be granted sparingly, see *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002) and *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002), respectively. Ignorance of the law, including the one-year limitation period that has been in effect long before a petitioner's conviction, generally does not excuse a late filing via equitable tolling. *Starnes v. United States*, 18 F. App'x 288, 293 (6th Cir. 2001). Nor have courts

5

found that lack of library access warrants equitable tolling. *See United States v. Stone*, 68 F. App'x 563, 565-66 (6th Cir. 2003) ("[A]llegations regarding insufficient library access, standing alone, do not warrant equitable tolling."); *Munnerlyn v. United States*, 2009 WL 1362387, at *4-5 (S.D. Ohio May 13, 2009) (where legal and other mail remained deliverable, prison lock down that prevented access to library did not warrant application of equitable tolling, citing cases).

Pursuant to the instant order of reference, this court's task is to determine whether Petitioner's untimeliness should be excused under § 2255(f)(2) rather than equitable tolling. Suffice it to say, if § 2255(f)(2) presents a higher bar than equitable tolling, Petitioner faces a herculean task since many cases have held that insufficient or non-existent law library access, standing alone, does not warrant equitable tolling. *See, e.g.*, *Stone*, 68 F. App'x at 565-566; *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

In comparing the two standards, equitable tolling versus § 2255(f)(2) or § 2244(d)(1)(B), at least one circuit court has concluded that § 2255(f)(2) presents a higher bar than equitable tolling. "Although similar in style, [plaintiff's] 28 U.S.C. § 2244(d)(1)(B) claim must satisfy a far higher bar than that for equitable tolling." *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009).

On the other hand, it appears that some case law interpreting § 2255(f)(2) or its counterpart, § 2244(d)(1)(B) has construed these statutory "tolling" provisions more leniently than equitable tolling. In other words, courts have granted relief under statutory tolling where no such relief would exist under equitable tolling. Petitioner relies on one of these cases, *Estremera v. United States*, 724 F.3d 773 (7th Cir. 2013). *Estremera* held that "[l]ack of library access can, in principle, be an 'impediment' to the filing of a collateral attack" under § 2255(f)(2). *Id*. at 776.

6

The Fifth Circuit has also held, in *Egerton v. Cockrell*, 334 F.3d 433, 436-38 (5th Cir. 2003), that "[t]he State's failure to make available to a prisoner the AEDPA, which sets forth the procedural rules the prisoner must follow in order to avoid having his habeas petition summarily thrown out . . . is just as much of an impediment as if the State were to take 'affirmative steps' to prevent the petitioner from filing the application." The Fifth Circuit found that "[t]he absence of all federal materials from a prison library (without making some alternative arrangements to apprise prisoners of their rights) violates the First Amendment right, through the Fourteenth Amendment, to access the courts." *Id*. at 438. As noted in *United States v. Freeman*, 2008 WL 2051759, at *3 (W.D. La. Apr. 4, 2008), "[s]everal courts have read *Egerton* narrowly, limiting its holding to its particular facts, i.e., a situation in which the prisoner is prevented from learning of the applicable statute of limitations."

Similarly, in *Whalem v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc), the Ninth Circuit concluded that the unavailability of the AEDPA in a prison law library may create an "impediment" for purposes of § 2244(d)(1)(B) but that the court's determination whether an impediment existed is "highly fact-dependent," which is why the court in *Whalem* remanded the case to the district court to conduct an evidentiary hearing on the issue. *See also Moore v. Battaglia*, 476 F.3d 504, 508 (7th Cir. 2007) (remanding the case to the district court to determine whether a copy of the AEDPA's statute of limitations was available in the prison library).

One district court applied *Estremera, Whalem,* and *Egerton* and found that this "highly fact-dependent" inquiry under § 2255(f)(2) required more than a mere allegation that the library lacked adequate materials or resources but instead necessitated some factual background as to the limitations of his access, his need for resources, and his attempts to obtain the necessary legal

7

resources or help. *Wiseman v. United States*, Nos. 16-cv-00700-JAP/KRS, 96-cr-00072-JAP, 2018 WL 3621022, at *8 (D. N.M. July 27, 2018).

In the instant case, Petitioner has not referenced any specifics regarding which particular resources were available and which were missing; instead, he broadly alleges that he was either missing library access altogether or that he had no access to any federal, including AEDPA, materials based solely on the fact that he in state custody. He has not described any attempts that he made (or the results of those attempts) to gain access to any of the federal materials that he states were missing from any source, either in book form or via computer assisted legal research. Without the requisite allegations of his attempts, I suggest that he is not entitled to an evidentiary hearing, nor is he entitled to relief under §2255(f)(2). *See also United States v. Briggs*, Nos. 96–336–1, 06–cv–3142, 2014 WL 940341, at *4, n. 8 (E.D. Pa. Mar. 7, 2014) (petitioner argued that he "lacked access to resources concerning federal statutes and federal rules of procedure and thus he could not learn how to file federal habeas corpus petitions" but the court held that "limited access to federal legal materials" did not constitute the "type of 'governmental action' impeding timely filing contemplated by §2255(f)(2)"); *McAlister v. United States*, Nos. 09-CV-854, 06-CR-142, 2010 WL 898005, at *2 (E.D. Wis. Mar. 10, 2010) (Petitioner argued that he "lacked access to an adequate law library prior to his transfer to federal custody" but the court held "the fact that several of the institutions where he was confined have 'virtually no federal law library' does not create a state impediment based on unconstitutional government action that precluded filing." The court noted that petitioner relied on *Bounds v. Smith*, 430 U.S. 817, 828 (1977), but that "to state a *Bounds* claim, a petitioner must demonstrate that the alleged shortcomings actually hindered his efforts to pursue a claim" and that petitioner's "conclusory allegations" were

8

"insufficient."); *United States v. Wampler*, Nos. 1:04-cr-00067-001, 1:08-cv-80020, 2008 WL 565108, at *2 (W.D. Va. Feb. 29, 2008) (Because petitioner "offers no evidence whatsoever of any attempts he made at the local jails to obtain access to legal materials or legal assistance" and since "[t]he mere fact that a facility has no law library or library clerk does not prove an unconstitutional denial of access to court," "the court cannot find that [petitioner] demonstrates any unconstitutional 'impediment' related to being housed in local jails that would entitle him to have the limitation period calculated under §2255(f)(2)").

In a similar vein, at least one court has required allegations pointing to an actual injury caused by the lack of access to adequate legal materials. In *United States v. Tharp*, Nos. 5:07CR00063, 5:11CV80335, 2011 WL 2607166, at *2 (W.D. Va. June 30, 2011), the court considered the holding in *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (requiring an actual injury showing for access to the courts claims based on law library issues), and concluded that to prove that library problems caused a violation of the right to access the court, the petitioner "must demonstrate that the inadequacies of the available legal materials significantly hampered her ability to litigate a viable legal claim." *Id*. The petitioner had asserted that, after her federal sentencing, she was taken by state authorities to a state facility where she remained for two years. She further stated that the state facility "did not house inmates facing federal charges and that while she was incarcerated there, she had no access to a 'federal law library to address the issues she [brings] before this court' in her §2255 motion." *Id*. The court then found that because the petitioner did not allege that she ever attempted to research the federal habeas issues, or that she asked for access to federal legal materials but was denied, and because she did not point to any issue raised in her habeas motion that required research, she failed to meet the showing required by *Lewis*. The court

9

noted that her claims were "based on facts well known to her, such as the conditions under which she accepted the plea bargain and the problems she and her family had with counsel," so she "fails to demonstrate how lack of library materials prevented her from filing a timely §2255 motion" and was not entitled to relief under §2255(f)(2). *Id*.

In the instant case, Petitioner also failed to delineate any attempts at research that he made and his underlying motion also alleges claims based on facts well-known to him, i.e., that his attorney failed to consult with him about an appeal, failed to object to the charges and imposition of a fine, failed to file a motion to dismiss Counts One and Two, and failed to investigate prior convictions. (R.45.) Thus, although Petitioner concludes that he was injured by a lack of federal library materials, I suggest that his situation parallels that of the petitioner in *Tharp*, such that he too is not entitled to relief under §2255(f)(2). *Tharp*, 2011 WL 2607166, at *2; *see also Briggs*, 2014 WL 940341, at *4, n. 8; *McAlister*, 2010 WL 898005, at *2; *Wampler,* 2008 WL 565108, at *2.

In addition, as noted by another district court within our Circuit, the fact that a petitioner is imprisoned without access to a law library also fails to meet the criteria of § 2255(f)(2) because such actions are not "in violation of the Constitution or laws of the United States." *United States v. Davis*, Nos. 1:10CR021, 1:14CV02521, 2015 WL 500169, at *2 (N.D. Ohio Feb. 4, 2015). This holding is also found in cases outside our district that have summarily held that detention in state custody was not an impediment under § 2255(f)(2) that prevented petitioner from timely filing his motion because such action is not in violation of the Constitution or laws of the United States. *Layman v. United States*, No. 4:10–cv–01015–NKL, 2011 WL 666257, at *2 (W.D. Mo. Feb. 14, 2011); *see also Arnold v. United States*, Nos. 7:13–cv–03500–GRA, 7:09–cr–00561–GRA–1, 2013

10

WL 6780587, at *2 (D.S.C. Dec. 19, 2013) ("Petitioner's motion is also not timely under § 2255(f)(2), as Petitioner has not alleged, much less proven, that his confinement in state custody falls into the category of 'governmental action in violation of the Constitution or laws of the United States'"). I suggest that these cases also support the conclusion that § 2255(f)(2) does not provide Petitioner with any relief from the limitation period.

Finally, I suggest that this result is consistent with a reading of the AEDPA as a whole. "A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." § 2255(a). Although the wording of § 2255 could lead one to conclude that a person is "in custody" only when actually serving a federal sentence, courts have held otherwise. Instead, "[a] prisoner is in custody for purposes of § 2255 when he is incarcerated in either federal or state prison, provided that a federal court has sentenced him." *Ospina v. United States*, 386 F.3d 750, 752 (6th Cir. 2004).[1] As the First Circuit explained, since the United States Supreme Court held "that a defendant while serving the first of two consecutive sentences could attack the second [under § 2254], it does not seem to us a significant stretch to say that he may attack a federal sentence, yet to be served, while defendant is in custody completing a state sentence." *Desmond v. United States Bd. of Parole*, 397 F.2d 386, 389 (1st Cir. 1968) (citing *Peyton v. Rowe*, 391 U.S.

---

[1] "Section 14 of the Judiciary Act of 1789 authorized all federal courts, including this Court, to grant the writ of habeas corpus when prisoners were 'in custody, under or by colour of the authority of the United States, or [were] committed for trial before some court of the same.' Congress greatly expanded the scope of federal courts to grant the writ, 'in addition to the authority already conferred by law,' 'in all cases where any person may be restrained of his or her liberty in violation of the constitution, or of any treaty or law of the United States. Before the Act of 1867, the only instances in which a federal court could issue the writ to produce a state prisoner were if the prisoner was 'necessary to be brought into court to testify' was 'committed . . . for any act done in pursuance of a law of the United States,' or was 'subjec[t] or citize[n] of a foreign State, and domiciled therein' and held under state law." *Feiker v. Turpin*, 518 U.S. 651, 659-60 (1996) (internal citations omitted).

54 (1968)). The court further recognized that the "defendant is not physically 'in custody under sentence of a court established by Act of Congress', but if custody is to be construed as single and continuous, we may join the [other Circuit] courts as well." *Id*. "There is just as much reason to resolve the legality of resumed incarceration under an existing sentence before such resumption occurs as to resolve the legality of continued incarceration under a consecutive sentence yet to commence," and "[f]ailure to allow such resolution would in both cases result in the possibility that later litigation might be successful but that 'each day [prisoners] are incarcerated under those convictions while their cases are in the courts will be time that they might properly have enjoyed as free men.'" *Id*. (quoting *Peyton*, 391 U.S. at 64). Thus, the rationale behind holding that a petitioner is in custody for purposes of § 2255 while in state custody and before he actually serves his federal sentence was to permit him to challenge the legality of the yet-to-be-served sentence as soon as possible, thereby potentially avoiding even commencing an illegal term of sentence. The same rationale supports enforcement of the limitation period: by requiring the legality of the sentence to be challenged sooner rather than later, any untoward incarceration can be avoided.

More importantly, it would be inconsistent to find that a petitioner should be considered "in custody" for § 2255 purposes while in state custody, thereby encouraging petitioner to file while still in state custody, but to then conclude that this same state custody (and attendant lack of federal library resources) should be considered an impediment to his filing a petition under § 2255. If state custody were considered an impediment to seeking recourse under § 2255, it would have made much more sense for courts to have concluded that a person is not "in custody" under § 2255 until he reaches federal custody and actually begins serving his federal sentence. *See Parkison v. United States*, Nos. EP-19-CV-26-DCG, EP-14-CR-2070-DCG-1, 2019 WL 1430003, at *3 (W.D. Tex.

12

Mar. 29, 2019) ("But it is well settled that serving time in state custody before beginning a federal term of imprisonment does not impede a movant from seeking relief under 28 U.S.C. § 2255."); *Arvin v. United States*, No. 2:12cv357–MEF, 2014 WL 1584460, at *2 (N.D. Ala. Apr. 21, 2014) (construing §2255(f)(2) as not affected by the fact the petitioner is in state custody is consistent with the principle that a person is considered to be "in custody" for purposes of § 2255 when incarcerated in either state or federal custody); *Caffey v. United States*, No. 2:07-CR-61, 2012 WL 3024741, at *2 (E.D. Tenn. July 24, 2012) ("[T]he mere fact that petition was originally in state custody was not a bar to filing and this will not save his motion from being rendered untimely.").

Accordingly, I suggest that Petitioner's motion to grant timeliness of § 2255 motion be **DENIED**. Since his petition is otherwise untimely, I also suggest that his Motion to Vacate Sentence be **DENIED as UNTIMELY.**

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 23, 2019  S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: April 23, 2019  By s/Kristen Castaneda
Case Manager

14