UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONRICO SIMMONS, JR.

    Petitioner,                                 Crim. Case No.: 14-cr-20628
                                                      Civ. Case No.: 18-cv-12557
                                                      Honorable Thomas L. Ludington

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO GRANT TIMELINESS, DENYING MOTION TO VACATE, AND GRANTING CERTIFICATE OF APPEALABILITY**

On October 8, 2014, Petitioner was indicted on two counts: (1) conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 846; and (2) willingly causing others to maintain a drug house in violation of 21 U.S.C. § 856(a)(1) and (b) and 18 U.S.C. § 2. After the trial began, Petitioner pleaded guilty to both counts pursuant to a Rule 11 plea agreement. (R. 37.) On September 8, 2016, judgment was entered, and Petitioner was sentenced to 190 months' imprisonment on each count, to be served concurrently. (R. 40 at PageID.169.) Petitioner did not file an appeal.

On August 13, 2018, Petitioner filed a Motion to grant timeliness of his § 2255 motion and also filed Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (R. 44, 45.). The motions were referred to Magistrate Judge Patricia T. Morris. ECF No. 48. Petitioner states that after sentencing, he was taken into the custody of the Michigan Department of Corrections (MDOC) and served "roughly nine months in Wayne County jail, thereafter on September 27, 2017, he was committed to [the] Federal Bureau of Prisons['] custody and arrived

at FCI-Milan on September 27, 2017." (R. 44 at PageID.214.) Petitioner contends that for roughly 13 months after the federal sentencing he was in MDOC custody and then was placed in Wayne County jail, however during this 13-month period [he] had no access to federal law library; legal materials; assistance by prison authorities in the preparation and filing of meaningful legal papers; and no access to Rules Governing 2255 Proceedings and AEDPA statute of limitations; thus he argues that the lack of these critical sources certainly created an unconstitutional impediment. (Id. at PageID.217.) Petitioner argues that he was only obligated to file his motion by September 27, 2018, one year from when he arrived at FCI Milan, and that since he filed his motion on August 13, 2018, the motion should be considered timely. (Id.) The government responded only to the motion to grant timeliness. (R. 50.)

On October 30, 2018, Judge Morris entered a Report and Recommendation (R&R) suggesting that Petitioner's motion to grant timeliness be denied, that the motion to vacate be denied as moot, and that the civil case be dismissed. (R. 53.) On February 4, 2019, this Court adopted the R&R in part, ordering that Judge Morris "order supplemental briefing addressing whether petitioner's allegations entitle him to relief under 2255(f)(2), and to issue a new report and recommendation." (R. 56.) This Court clarified that "to the extent petitioner's initial arguments could be read to raise an equitable tolling issue, equitable tolling is not available on these facts as explained above. Indeed, petitioner does not appear to dispute that conclusion. However, it remains unclear whether, under Sixth Circuit law, the lack of library access is the type of impediment contemplated by 2255(f)(2). Neither the government's briefing nor the report and recommendation appear to have identified any controlling authority rejecting that notion." (R.56 at PageID.358.)

The parties submitted their supplemental briefing in March of 2019. ECF Nos. 60, 61. On April 23, 2019, Judge Morris issued a new report, recommending that petitioner's motion to grant timeliness and his motion to vacate be denied. ECF No. 62. Judge Morris concluded that, although there is no Sixth Circuit authority directly on point, the relevant legal authority suggests that Petitioner's allegations do not support relief under 2255(f)(2). Petitioner served his objection on May 6, 2019. ECF No. 63.

I.

Petitioner's objection largely recites the timeline of the relevant events including his conviction, sentence, incarceration in state custody, and incarceration in federal custody. His conclusion is that, based on the timeline of events, his petition would have been timely but for the impediment created by the state correctional facility, namely the lack of access to a law library and legal materials. The discussion is not particularly helpful to the analysis. There appears to be no dispute that the petition would be timely if the period of state incarceration is excluded from the calculation of the 1-year statute of limitations period. The question at issue is whether that period of time is excludable under 2255(f)(2) based on Petitioner's allegation that he lacked access to a law library and legal materials during that time. Judge Morris answered that question in the negative, and Petitioner's objection is non-responsive to that conclusion and the reasoning Judge Morris offered in support of that conclusion. The Court will briefly summarize that reasoning.

As explained in the Court's previous order adopting the report and recommendation in part (ECF No. 56), there is no dispute that Petitioner is not entitled to equitable tolling. Order at 6. Neither lack of access to a law library, lack of education, nor lack of legal knowledge were sufficient to equitably toll the one-year limitation period. *Caffey v. United States*, No. 2:07-CR-

61, 2012 WL 3024741 (E.D. Tenn. July 24, 2012) (citing *United States v. Stone*, 68 F. App'x 563, 565 (6th Cir. 2003) (emphasis added). Judge Morris noted that "at least one circuit has concluded that § 2255(f)(2) presents a higher bar than equitable tolling." Rep. & Rec. at 7 (citing *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009). Accordingly, Judge Morris reasoned that, if Petitioner's allegations are insufficient to support relief under an equitable tolling theory, then they are insufficient to support relief under section 2255(f)(2).

Judge Morris also noted, however, that the Seventh Circuit held in *Estremera* that "[l]ack of library access can, in principle, be an 'impediment' to the filing of a collateral attack" under § 2255(f)(2)." *Estremera v. United States*, 724 F.3d 773 (7th Cir. 2013). The *Estremera* holding suggests that 2255(f)(2) does not necessarily impose a higher threshold but simply a different standard altogether, one which could be satisfied if a petitioner demonstrates he was deprived of access to legal materials. Similarly, Judge Morris noted that the Fifth Circuit held in *Egerton* that "[t]he State's failure to make available to a prisoner the AEDPA, which sets forth the procedural rules the prisoner must follow in order to avoid having his habeas petition summarily thrown out . . . is just as much of an impediment as if the State were to take 'affirmative steps' to prevent the petitioner from filing the application." *Egerton v. Cockrell*, 334 F.3d 433, 436-38 (5th Cir. 2003).

Nevertheless, Judge Morris noted that courts interpreting *Egerton* have limited it to its facts, noting that whether a Petitioner was prevented from learning of AEDPA's statute of limitations is "highly fact dependent." Rep. & Rec. at 7. According to some courts, this fact dependent inquiry requires "more than a mere allegation that the library lacked adequate materials or resources but instead necessitated some factual background as to the limitations of his access, his need for resources, and his attempts to obtain the necessary legal resources or

help. *Wiseman v. United States*, Nos. 16-cv-00700-JAP/KRS, 96-cr-00072-JAP, 2018 WL 3621022, at *8 (D. N.M. July 27, 2018). Applying this standard, Judge Morris concluded that Petitioner's allegations were broad and generalized, and that he has not sufficiently alleged what specific legal materials he was missing and how the lack of those materials prejudiced his ability to pursue his rights under section 2255. *Id.* at 7-8. Because Petitioner's objection is non-responsive to this analysis, his objection will be overruled, and his motion will be denied.

**II.**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Here, a certificate of appealability is warranted. There is no controlling precedent squarely addressing the issues discussed above, including 1) whether the lack of access to legal materials can support relief under 2255(f)(2), and 2) how specific a petitioner must be in alleging

- 5 -

which legal materials he lacked access to and how that impacted his ability to pursue his rights under section 2255. Thus, reasonable jurists could debate the answers to these questions.

### III.

Accordingly, it is **ORDERED** that petitioner's objection, ECF No. 63, is **OVERRULED**.

It is further **ORDERED** that the report and recommendation, ECF No. 62, is **ADOPTED**.

It is further **ORDERED** that the motion to grant timeliness, ECF No. 44, is **DENIED**.

It is further **ORDERED** that the motion to vacate pursuant to 28 U.S.C. § 2255, ECF No. 45, is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **GRANTED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 22, 2019

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Ronrico Simmons, Jr.** #51225-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 by first class U.S. mail on May 22, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager