UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 14-20628

v.                                        Honorable Thomas L. Ludington

RONRICO SIMMONS, Jr.,

        Defendant.

_____/

**ORDER DENYING PETITIONER'S MOTION FOR COMPASSIONATE RELEASE**

On October 8, 2014, Defendant was indicted by a grand jury for one count of conspiracy to possess with intent to distribute and to distribute heroin and one count of willingly causing other to maintain a drug house. ECF No. 1. Defendant pled guilty to both counts. ECF No. 40. On September 8, 2016 he was sentenced to 190 months of incarceration for both counts, to be served concurrently. *Id.* He was also sentenced to five years of supervised release for Count I and three years of supervised release for Count II to be served concurrently. *Id.*

Defendant filed a pro se motion for compassionate release due to the spread of COVID-19. ECF No. 436. Due to mailing delays caused by COVID-19, the motion was docketed on June 23, 2020, but in accordance with 20-AO-26, the postmark date of May 4, 2020 was used for the filing date.

**I.**

The United States is facing an unprecedented challenge with the coronavirus pandemic. The Governor of Michigan explained that:

> The novel coronavirus (COVID-19) is a respiratory disease that can result in serious illness or death. It is caused by a new strain of coronavirus not previously identified in humans and easily spread from person to person. Older adults and those with chronic health conditions are at particular risk, and there is an increased risk of rapid spread of COVID-19 among persons in close proximity to one another. There is currently no approved vaccine or antiviral treatment for this disease.

Emergency Order 2020-21.

The Center for Disease Control and Prevention ("CDC") represents that jails and prisons pose an especially high risk for those who are within their walls. *See Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctr. for Disease Control, at 2 (Mar. 23, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf.[1] It further explains that "[t]here are many opportunities for COVID-19 to be introduced into a correctional or detention facility, including daily staff ingress and egress; transfer of incarcerated/detained persons between facilities and systems, to court appearances, and to outside medical visits; and visits from family, legal representatives, and other community members." CDC, *Guidance for Correctional & Detention Facilities*, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited June 12, 2020).

**II.**

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(1)(A) which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf

---

[1] Ltr. from Sen. Richard J. Durbin et al. to Att'y Gen. William P. Barr et al., at 1(Mar. 23, 2020), available at https://www.durbin.senate.gov/imo/media/doc/Letter.%20to%20DOJ%20and%20BOP%20on%20COVID-19%20and%20FSA%20provisions%20-%20final%20bipartisan%20text%20with%20signature%20blocks.pdf ("Conditions of confinement do not afford individuals the opportunity to take proactive steps to protect themselves, and prisons often create the ideal environment for the transmission of contagious disease.").

or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… if it finds that…extraordinary and compelling reasons warrant such a reduction…

18 U.S.C. §3582(c)(1)(A)(i)

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust their administrative remedies with the Bureau of Prisons or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

In his motion for compassionate release, Defendant does not explain whether he has sought to exhaust his BOP administrative remedies. ECF No. 73. While the Court is aware of the time sensitive nature of Defendant's request, the Sixth Circuit has clearly stated that Defendants must first seek release from the Bureau of Prisons rather than come directly to the courts. Defendant's motion for compassionate release will be denied without prejudice due to his failure to exhaust her administrative remedies with the BOP.

Accordingly, it is **ORDERED** that Defendant's motion for compassionate release, ECF No. 73, is **DENIED WITHOUT PREJUDICE**.

Dated: June 25, 2020                                              s/Thomas L. Ludington
                                                                  THOMAS L. LUDINGTON
                                                                  United States District Judge

- 4 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Ronrico Simmons, Jr.** #51225-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 by first class U.S. mail on June 25, 2020.

                                      s/Kelly Winslow
                                      KELLY WINSLOW, Case Manager