UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,            Case No. 14-20628

v.                                   Honorable Thomas L. Ludington

RONRICO SIMMONS, JR.,

            Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE**

On October 8, 2014, Defendant Ronrico Simmons, Jr. was indicted by a grand jury on one count of conspiracy to possess with intent to distribute and to distribute a kilogram or more of heroin and one count of causing a third party to use, store and distribute controlled substances. ECF No. 1. Defendant pled guilty and was sentenced to 190 months incarceration. ECF No. 40. On May 22, 2019 Defendant's motion to vacate his sentence was denied. ECF No. 64. Defendant is currently house at FCI Milan.

On May 4, 2020, Defendant filed a pro se motion for compassionate release. ECF No. 73. It was denied without prejudice due to lack of evidence of exhaustion. ECF No. 74. On October 30, 2020, Defendant refiled his pro se motion for compassionate release. ECF No. 78. He filed a near identical motion again on November 13, 2020. ECF No. 83. The Government responded and provided supplemental authority. ECF Nos. 79, 81, 85. Defendant also replied and provided supplemental authority. ECF Nos. 84, 87. For the following reasons Defendant's motions for compassionate release will be denied.

**I.**

The United States is facing an unprecedented challenge with the novel coronavirus ("COVID-19") pandemic.

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). In light of the threat posed by COVID-19, Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)—a form of relief often referred to as "compassionate release." Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for

compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *2 (6th Cir. Jan. 6, 2021).

### A.

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

In August 2020 Defendant received a response denying his request for compassionate release. ECF No. 78 at PageID.504. He has now exhausted his administrative remedies.

### B.

The next issue is whether sentence reduction is warranted by "extraordinary and compelling reasons." Because Defendant brings this motion on his own behalf, § 1B1.13 is "inapplicable," and "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release." *Jones*, 980 F.3d at 1109. Accordingly, courts of this circuit are no longer confined to the considerations outlined in the policy commentary when

determining if a defendant's request is extraordinary and compelling, such as whether an inmate suffers from a "terminal illness" or "serious physical or medical condition." U.S.S.G. § 1B1.13 cmt. n.1.

Despite the lack of express guidance, *Jones* suggests that an inmate may have an extraordinary and compelling reason for release where he suffers from a medical condition identified as a risk factor for COVID-19. *See Jones*, 980 F.3d at 1102 n.6 (holding that inmate's prior exposure to tuberculosis "could be considered an extraordinary and compelling reason for compassionate release" because it "put him at risk of contracting the virus" or "serious long-term health problems" if he had already contracted it). Courts considering the issue post-*Jones* have agreed. *See*, *e.g.*, *United States v. Rucker*, No. 17-20716, 2020 WL 7240900, at *2 (E.D. Mich. Dec. 9, 2020) (HIV and asthma) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. White*, No. 18-20183, 2020 WL 7240904, at *3 (E.D. Mich. Dec. 9, 2020) (BMI of 45.9) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. Crowe*, No. CR 11-20481, 2020 WL 7185648, at *3 (E.D. Mich. Dec. 7, 2020) (latent tuberculosis, hyperlipidemia, obesity).

More recently, the Sixth Circuit affirmed the denial of compassionate release based on a two-part test for extraordinary and compelling reasons. *See Elias*, 2021 WL 50169, at *3. Under the two-part test in *Elias*, the risk of contracting COVID-19 constitutes an extraordinary and compelling reason "(1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak."[1] *Id.* (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020)). The Sixth Circuit also held that the district court, in evaluating the movant's medical conditions, "properly considered the CDC guidance that was in effect at the time," given that "[r]elying on

---

[1] Consistent with *Jones*, the court emphasized that district courts need not apply this definition but that it is within their discretion to do so. *Elias*, 2021 WL 50169, at *4 n.1.

- 4 -

official guidelines from the CDC is a common practice in assessing compassionate-release motions." *Id.* at *4.

Defendant explains that he suffers from asthma, hypertension, and obesity. ECF No. 78 at PageID.463. The Government agrees that Defendant suffers from asthma and hypertension but contends that Defendant is simply overweight and not obese. ECF No. 79 at PageID.523. The CDC states that individuals with moderate to severe asthma, hypertension, and who are overweight may be at an increased risk for severe symptoms from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/9H9M-7YL6] (last visited January 22, 2021). In addition, Defendant is housed at FCI Milan. According to the BOP, 25 inmates and 4 staff are currently diagnosed with COVID-19 and 233 inmates and 76 staff have since recovered. *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus [https://perma.cc/8ZPX-NR8J] (last visited 1/29/2021). Defendant's multiple potential increased risk factors for severe illness and the prevalence of COVID-19 in Milan demonstrate that Defendant has an extraordinary and compelling reason to seek release.

### C.

As stated previously, there is no "applicable policy statement" in this case because Defendant, not the BOP, has moved for compassionate release. Consequently, step two of the § 3582(c)(1)(A) analysis is skipped, and the final issue is whether a sentence reduction is warranted by the applicable factors set forth in § 3553(a). *See Jones*, 2020 WL 6817488 at *9. The factors are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). "District judges maintain an 'obligation to provide reasons' in both sentencing-modification decisions, and traditional sentencing decisions." *Jones*, 980 F.3d at 1112 (citations omitted).

> District courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision. But as long as the record as a whole demonstrate that the pertinent factors were taken into account by the district court, a district judge need not specifically articulate its analysis of every single § 3553(a) factor.

*Id.* at 1114 (internal quotations and citations omitted).

Defendant explains that over the past 72 months, he has only received three misconduct reports, excellent work evaluations, completed multiple ACE classes, and maintained strong family ties. ECF No. 78 at PageID.467. He argues that serving 25% of his custodial sentence "has been a meaningful punishment for his crime." *Id.* at PageID.468. He provides that he would reside

with or near family[2] upon release and would be employed by a heating and cooling company. *Id.*; ECF No. 84 at PageID.706. Defendant acknowledges his violent criminal history but suggests that it is the result of poverty. ECF No. 84 at PageID.706.

The Government responds that the underlying conviction stem from "Simmons leading a drug trafficking network that distributed over a kilogram of heroin in northern Michigan [which] translates into more than 10,000 'hits' (user-sized quantities) of heroin." ECF No. 79 at PageID.536. The Government also highlights that "for each of [his] felony convictions where he served a term of probation or parole, he subsequently violated those terms of supervision." *Id.* at PageID.540.

According to his Presentence Investigation Report, Defendant's criminal history includes a significant number of theft-related convictions (including larceny from a motor vehicle and receiving stolen property) and attempted home invasion. In addition, he has only served about 20 to 25% of his custodial sentence. Defendant's post-employment plans and the classes he has taken are to be commended. However, Defendant does not seem to appreciate the severity of his conduct that resulted in the current conviction or his continued violations of probation and/or parole. The remainder of his sentence should be served "to promote respect for the law" and "afford adequate deterrence." *See* 18 U.S.C. §§ 3553(a)(1)(A)–(B). Defendant's Motions for Compassionate Release will be denied.

---

[2] In Defendant's Motion, he argues he will reside with his Grandmother if released. ECF No. 78 at PageID.468. However, in his Reply, he asserts that he would live in his parent's basement if released. ECF No. 84 at PageID.706.

- 8 -

## II.

Accordingly, it is **ORDERED** that Defendant's Motions for Compassionate Release, ECF Nos. 78 and 83, are **DENIED WITH PREJUDICE**.

Dated: January 29, 2021                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Ronrico Simmons, Jr.** #51225-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 by first class U.S. mail on January 29, 2021.

                          s/Kelly Winslow
                          KELLY WINSLOW, Case Manager