UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 14-20628
v.                                            Honorable Thomas L. Ludington

RONRICO SIMMONS, JR.,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On October 8, 2014, Defendant Ronrico Simmons, Jr. was indicted by a grand jury on one count of conspiracy to possess with intent to distribute and to distribute a kilogram or more of heroin and one count of causing a third party to use, store and distribute controlled substances. ECF No. 1. Defendant pled guilty and was sentenced to 190 months incarceration . ECF No. 40. On August 13, 2018, Defendant filed a motion to vacate his sentence. ECF No. 45. On May 22, 2019 Defendant's motion to vacate his sentence was denied. ECF No. 64. Defendant is currently housed at FCI Milan.

On May 4, 2020, Defendant filed a pro se motion for compassionate release. ECF No. 73. It was denied without prejudice due to lack of evidence of exhaustion. ECF No. 74. On October 30, 2020, Defendant refiled his pro se motion for compassionate release. ECF No. 78. He filed a near identical motion again on November 13, 2020. ECF No. 83. The Government responded and provided supplemental authority. ECF Nos. 79, 81, 85. Defendant also replied and provided supplemental authority. ECF Nos. 84, 87. His motions for compassionate release were denied on the merits. ECF No. 88. On February 25, 2021, Defendant filed a motion for reconsideration. ECF No. 89.

**I.**

Defendant brings his Motion under Federal Rules of Civil Procedure 59(e). The Sixth Circuit has explained that "[a] Rule 59(e) motion may be properly analyzed as a motion for reconsideration pursuant to Local Rule 7.1." *U.S. v. Savage*, 99 F. App'x 583, 584–85 (6th Cir. 2004).

Pursuant to Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order. A motion for reconsideration will be granted if the moving party shows "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(h)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3); *see also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015). Furthermore, "[i]t is well-settled that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014).

**II.**

Defendant argues "this Court committed a clear error of law by failing to adhere to Sixth Circuit precedents and considering all 18 U.S.C. Section 3553 (a) factors. ECF No. 89 at PageID.760. Specifically, Defendant argues this Court did not consider § 3553 (a)(3) and (a)(2)(D).

The Sixth Circuit has explained that a court must consider "all *relevant* sentencing factors listed in 18 U.S.C. § 3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (emphasis added). "[T]he judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* at 1112–13 (cleaned up). "[S]ingle-sentence" or "barebones form order[s]" are insufficient, but a "full opinion" is not required for every motion. *Id.* at 1113–14. "As long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court, a district judge need not specifically articulate its analysis of every single factor." *Id.*

First, even though the citation "§ 3553(a)(3)" was not included in the Opinion and Order, Defendant's continued violations of probation and parole were discussed in the original order. Second, the BOP has attempted, with varying degrees of success, to quarantine inmates and reduce the spread of COVID-19 in prisons. While FCI Milan did have a COVID-19 outbreak earlier, FCI Milan is currently reporting no active inmate cases and only two staff cases of COVID-19. *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus [https://perma.cc/RG62-FB3E] (last visited Mar. 25, 2021). Further, to date, the BOP has fully immunized 142 staff members and 51 inmates at FCI Milan. *Id.* While it may be possible that Defendant would better protect himself from COVID-19 at home, that fact alone is not dispositive. Accordingly, Defendant's Motion for Reconsideration will be denied.

## III.

Accordingly, it is **ORDERED** that Defendant's Motion for Reconsideration, ECF No. 89, is **DENIED**.

Dated: March 26, 2021                                       s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Ronrico Simmons, Jr.** #51225-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160  by or first class U.S. mail on March 26, 2021.

                                s/Kelly Winslow
                                KELLY WINSLOW, Case Manager